IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NICHOLAS SELLMAN, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| AVIATION TRAINING CONSULTANTS, LLC | § § § § | |
| Defendant. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, the Plaintiff, Nicholas Sellman, and files his Original Complaint complaining of Defendant, Aviation Training Consultants, LLC, and for cause of action would respectfully show the Court as follows:

### I.

### JURISDICTION

1. Because Plaintiff's claims present a federal question, there is federal court jurisdiction pursuant to 28 U.S.C. § 1331.

### II.

### VENUE

2. Pursuant to 28 U.S.C. § 1391 and 42 U.S.C. 2000e-5(f)(3), venue is proper in the Northern District of Texas because all or a substantial portion of the acts or omission giving rise to Plaintiff's claims and the investigation of Plaintiff's charge of discrimination took place in the Northern District of Texas.

## III.

## PARTIES

3. Plaintiff Nicholas Sellman is an individual who is a citizen of the State of Texas and a resident of Parker County, Texas.

4. The Defendant, Aviation Training Consultants, LLC ("ATC"), may be served by serving its registered agent in this cause, Registered Agent Solutions, Inc., 1701 Directors Blvd., Suite 300, Austin, Texas 78744, under the Federal Rules of Civil Procedure.

## IV.

## FACTS

5. Plaintiff served 15 years with the United States Marine Corps with an Honorable Discharge.

6. While in the Marines, Plaintiff was deployed to Iraq and Afghanistan and during such deployments was required to witness some horrific circumstances.

7. On these deployments, Plaintiff's plane would carry dead Marines back to Kuwait.

8. Defendant recruited Plaintiff and other employees in Texas to work for Defendant. At the time he was recruited by Defendant, Plaintiff lived in Parker County, Texas.

9. Plaintiff worked for Defendant ATC from April 7, 2017 to April 7, 2018 as a KC-130J Loadmaster Instructor.

10. Defendant had contracts with the federal government in excess of $1,000,000.

11. On November 14, 2017, the Veterans Administration informed Plaintiff that he was awarded 100% disability due to his back (degenerative disks), Post Traumatic Stress Disorder and sleep disorder, (was awarded on March 31, 2017).

12.     On August 14, 2017, Plaintiff told Load Master Instructor Jean Colley and Director Rick Sofge about the 100% disability rating.

13.     Director Rick Sofge responded: "The VA system is corrupt," "It's criminal that you are scamming the system," and "you are just one of the millions working the system."

14.     Director Sofge sarcastically told Plaintiff "I can see how disabled you are when you have such a hard time walking from your car to the building."

15.     Plaintiff's disability was never an issue before this point and this was the first time Rick Sofge talked to Plaintiff in this matter.

16.     A co-worker said to Plaintiff "What did you do to Rick to piss him off that bad?"

17.     After that Director Rick Sofge stopped talking to Plaintiff.

18.     On November 16, 2017, Plaintiff made a complaint to Human Resources Director James Williams that Rick Sofge was berating Plaintiff because of Plaintiff's disability.

19.     Plaintiff received an email from Defendant threatening Plaintiff with discipline if he talked about his medical status.

20.     Defendant routinely renewed other employees' contracts.

21.     Defendant informed Plaintiff there was no reason his contract would not be renewed as long as he received his renewal of his FAA flight certificate.

22.     On March 6, 2018, Plaintiff received a new flight certificate from the FAA and Defendant told Plaintiff that Defendant would get a contract as soon as possible.

23.     On March 7, 2018 Plaintiff was informed his contract with Defendant ATC would not be renewed.

24. Defendant ATC Director of Human Resource James Williams told Plaintiff the reason his contract would not be renewed with Defendant ATC was because "we have concerns about your medical certificate.

25. At no point while Plaintiff was employed by Defendant did Defendant inform him that his performance was subpar.

26. Defendant's stated reason for termination of Plaintiff and non-renewal of Plaintiff's contract was mere pretext for illegal disability discrimination and retaliation.

27. Defendant agreed as a federal contractor to be bound by federal laws prohibiting disability discrimination in employment.

28. On April 4, 2018, Plaintiff filed a disability discrimination and retaliation complaint with OFCCP and with EEOC.

29. On August 31, 2021, Plaintiff received his Right to Sue from OFCCP and the EEOC.

30. The termination caused major upheaval, tension and anguish to Plaintiff and his family.

V.

**CAUSES OF ACTION**

31. Defendant terminated and refused to renew the contract of Plaintiff because of his disability, being regarded as disabled, and having a record of disability in violation of § 503 of the Federal Rehabilitation Act of 1973 § 503, as amended, 29 U.S.C. 701, et seq., the Americans with Disabilities Act 42 U.S.C. § 12101 et seq., and the Uniformed Services Employment and Reemployment Rights Act (USERRA).

32. Defendant terminated Plaintiff and refused to renew the contract for complaining about and opposing illegal disability discrimination in violation of § 503 of the Federal Rehabilitation Act, as amended, 29 U.S.C. § 701, et seq. as amended, the Americans with Disabilities Act, 42 U.S.C.

§ 12101 et seq., as amended, and the Uniformed Services Employment and Reemployment Rights Act (USERRA).

33. Defendant at all relevant times acted through its agents and employees.

## VI.

## DAMAGES

34. As a result of Defendant's actions, Plaintiff has suffered in the past, and in all reasonable likelihood, will suffer in the future, damages including, lost wages, lost earning capacity, mental anguish, emotional pain and suffering, lost employment benefits, inconvenience, loss of enjoyment of life, damage to professional reputation, and other damages.

35. Moreover, Defendant engaged its actions with malice, therefore, Plaintiff is entitled to punitive damages.

36. Plaintiff also seeks reinstatement to a comparable position if feasible.

37. Plaintiff seeks attorney fees pursuant to 42 U.S.C. § 1988(b) and 29 U.S.C. § 794a and 42 U.S.C. § 12205.

## VII.

## JURY DEMAND

38. Plaintiff requests a jury to hear this cause.

## VIII.

## PRAYER

39. WHEREFORE, Plaintiff prays that the Defendant be duly cited to appear and answer herein, that upon a final trial of this cause, Plaintiff recover:

1. Judgment against Defendant, for Plaintiff's damages as set forth above;

2. Attorney fees;

3. Reinstatement to a comparable position if feasible;

4. Interest on said judgment at the legal rate from date of judgment;

5. Prejudgment interest as allowed by law;

6. Costs of Court; and

7. Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

/s/ JASON C.N. SMITH
JASON C.N. SMITH
State Bar No.   00784999

LAW OFFICES OF JASON SMITH
612 Eighth Avenue
Fort Worth, Texas 76104
Telecopier: (817) 334-0880
Telephone: (817) 334-0898
E-mail: jasons@letsgotocourt.com
ATTORNEYS FOR PLAINTIFF