UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**NICHOLAS SELLMAN,**

   Plaintiff,

v.                            No. 4:21-cv-1061-P

**AVIATION TRAINING CONSULTANTS, LLC,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction and Alternative Motion to Transfer. ECF No. 9. The Court, having considered the Parties' briefing, applicable law, and the docket, grants the Motion to Transfer and denies the Motion to Dismiss without prejudice.

## BACKGROUND

Defendant Aviation Training Consultants, LLC ("ATC")[1] is an Oklahoma-based company that provides training curriculum and conducts aviation-focused training for the military. Relevant here, ATC contracted with the military to provide training to the Kuwaiti Air Force.

In 2017, Plaintiff Nicholas Sellman ("Sellman") was hired to provide support for the Kuwait KC-130J program as a KC-130J Loadmaster Instructor. Sellman alleges ATC discriminated and retaliated against him because of his alleged disability and veteran status in violation of § 503 of the Rehabilitation Act, the Americans with Disabilities Act, and the Uniformed Services Employment and Reemployment Rights Act.

Sellman filed a charge of discrimination with the Office of Federal Contractual Compliance ("OFCC"). The OFFC's Dallas, Texas office handles complaints for Oklahoma, so the OFFC came to Oklahoma as

---

[1] Defendant claims it has been improperly named as Aviation Training *Consultants*, LLC rather than Aviation Training *Consulting*, LLC.

part of its investigation. The OFFC's investigation indicated that ATC "did not violate its affirmative action obligations under VEVRAA and Section 503, or nondiscrimination obligations under ADA" and it issued a right to sue letter. Thus, Sellman filed the instant lawsuit in Texas. Defendant here moves to transfer this case to the Western District of Oklahoma.

## LEGAL STANDARD

Federal venue rules also state that "a district court may transfer any civil action to any other district or division where it might have been brought" "for the convenience of parties and witnesses [or] in the interest of justice . . . ." 28 U.S.C.A. § 1404(a). In determining whether transferring a civil action under § 1404, courts consider both private and public factors in deciding if convenience or justice warrant transferring the action to that district. *See* 28 U.S.C. § 1404; *see also In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen of America, Inc.*, 545 F.3d at 315. The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law."

A plaintiff's original choice of forum is entitled to some deference, which dictates that the moving party must show "that the transferee venue is clearly more convenient." *Id.* But, while a plaintiff's choice of forum "should be respected" unless "the transferee venue is clearly more convenient," plaintiff's "choice of forum . . . is not an independent factor within . . . the § 1404(a) analysis." *Id.* at 314 n.10, 315. Rather, "a plaintiff's choice of venue is to be treated as a burden of proof question." *Id.* at 314 n.10 (internal quotation marks omitted).

## ANALYSIS

The first matter for the Court to decide is whether this case "might have been brought" in the Western District of Oklahoma initially. 28 U.S.C. § 1404(a). The only defendant in this case is a citizen of Oklahoma and is in Altus, Oklahoma—located in the Western District. ECF No 10-1. The unlawful employment practice was allegedly committed by the decision-makers at ATC, and the relevant employment records are maintained and administered there. *See id.* Because this action "might have been brought" in Oklahoma under 28 U.S.C. § 1391(b)(1)–(2), the Court may transfer the case to the Western District of Oklahoma if doing so would serve "the convenience of parties and witnesses," or "the interest of justice." 28 U.S.C. § 1404(a).

On this point, Defendant argues the private and public factors favor transfer. ATC argues "virtually all relevant witnesses, documents, and evidence needed to establish the claims and defenses in this case exist in the Western District of Oklahoma." ECF No. 9. Further, the "vast majority of the domestic witnesses could be easily compelled to testify" in Oklahoma; thus, the "cost of the attendance to depositions and trial for the relevant witnesses" would be lesser in Oklahoma relative to Texas. ATC further argues that the public factors favor transfer. It first argues that the relative congestion of the courts strongly favors transfer to Oklahoma because there are fewer cases in that district as a whole and on a per judge basis. *Id.* at 11, 17 (citing case-load statistics of each district). ATC also argues that Texas lacks any fundamental public policy at issue in this case and that the Western District of Oklahoma is fully capable at adjudicating Plaintiff's federal-law claims. *Id.* at 17.

Sellman argues in response that some of the private and public factors weigh against transferring this case to Oklahoma (though Sellman failed to address all of the factors in his Response). The private factors, he argues, weigh against transferring the case to Oklahoma because this would "do no more than shift the inconvenience of travel from Defendant to Plaintiff." ECF No. 13. Sellman adds that pertinent documents in this case could be transferred electronically. *Id.* He also argues the public factors weigh in favor of keeping this dispute here. Sellman claims that "this District and its citizens have strong interests

in hearing this dispute" because Sellman is a Texas citizen who allegedly experienced harm here, he was in Texas when his employment with ATC began, and he filed a complaint of discrimination with the OFFC's regional office located in Dallas, Texas. *Id.* at 23. Finally, he argues that ATC has a registered agent in Texas. *Id.*

1. The private factors weigh in favor of transfer.

The Court first analyzes the pertinent private factors. These factors overall favor transfer to Oklahoma.

*First*, most of the pertinent documents, witnesses, and evidence needed to establish the claims and defenses in this case are in Oklahoma. Though "increasing technological advances have lessened the inconvenience of obtaining evidence in a different venue, this does not render the first factor superfluous." *Roco v. Am. Airlines, Inc.*, No. 3:21-CV-2839-L, 2022 WL 658566, at *3 (N.D. Tex. Mar. 4, 2022). This factor favors transfer.

*Second*, most non-party witnesses could be compelled to testify in the Western District of Oklahoma. Sellman identifies only himself and one other witness who are in Texas, with all other expected witnesses located either in Oklahoma or Kuwait. This factor slightly favors transfer.

*Finally*, the cost of attendance for willing witnesses favors transfer to the Western District of Oklahoma. As stated above, only two of the expected witnesses reside in Texas; all others are either in Oklahoma or Kuwait. Though Sellman claims that a former administrative assistant is in Texas, he does not explain what testimony this potential witness would provide that would be relevant to his claims. *See* ECF No. 14, Pl.'s App. 24. Conversely, ATC's decision-makers (the key witnesses in this case) reside in Oklahoma. The cost of attendance for willing witnesses for deposition and trial thus slightly favors transfer.

2. The public factors weigh in favor of transfer.

The Court next addresses the relevant public factors. These also favor transferring the case to Oklahoma.

4

*First*, the difficulties flowing from the relative court congestion in each district strongly favor transfer. As of June 30, 2021, the Northern District of Texas had 8,188 total case filings and 12,518 pending cases. ECF No. 9 at 11. Per judge, there were a total of 682 cases, 514 civil cases, and 1,043 pending cases. *Id.* The Western District of Oklahoma had only 1,976 filings and 1,821 pending cases. *Id.* Per judge, this equates to a total of 329 filings, 230 of which were civil, and 304 pending cases. *Id.* Judges in this district thus have more than twice the number of cases per judge than the Western District of Oklahoma. *See id.* The interest of efficiently resolving this dispute and avoiding difficulties flowing from court congestion thus strongly favors transfer.

*Second*, Oklahoma's interest in this litigation is at least as strong as Texas's interest. Though Sellman currently resides in Texas, he reached out to ATC in Oklahoma to initiate his employment and he performed his work in Kuwait. *See* ECF No. 9 at 7. Conversely, ATC has no offices, operations, or incomed derived in Texas. *Id.* It has had no operations in the state of Texas since the last minor operations ended in 2014, three years before Sellman was hired. *Id.* Nor did Sellman never worked for Defendant in Texas. *Id.* Any decisions regarding Sellman's employment and supervision of Sellman took place in either Kuwait or Oklahoma. *Id.* Texas has only a tangential interest in the outcome of this case.

*Finally*, the third and fourth factors are neutral. Both Texas and Oklahoma are familiar with the applicable law that would govern this case. Further, this case does not involve the application of foreign law that would cause problematic conflicts in either venue.

## ORDER

The Court therefore **GRANTS** the Motion to Transfer and **ORDERS** that this case be transferred to the Western District of Oklahoma. The Court further **DENIES** the Motion to Dismiss without prejudice of refiling with the new venue.

**SO ORDERED** on this **3rd day** of **May, 2022.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

5